IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN ANTHONY MOORE,
       Plaintiff,

v.                                      Case No. 3:08cv344/MCR/EMT

HARLEY G. LAPPIN,
Director, Federal Bureau of Prisons,
       Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on the amended civil rights complaint filed pro se by Plaintiff Kevin Anthony Moore ("Plaintiff") pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971) (Doc. 10).[1] Leave to proceed in forma pauperis has been granted (Doc. 9).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

---

[1] Plaintiff initiated this action on August 14, 2008, by filing a "Complaint for Declaratory Judgment," citing the Declaratory Judgment Act, 28 U.S.C. § 2201, and invoking the court's federal question jurisdiction under 28 U.S.C. § 1331 (Doc. 1). The court rejected the complaint because it had not been submitted on the form approved for use by pro se plaintiffs, as required by N.D. Fla. Loc. R. 5.1(J), and instructed Plaintiff to file an amended complaint on the appropriate form (*see* Doc. 9).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the amended complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action prior to service is warranted.

Plaintiff is a former federal inmate. He alleges that in September 1999 he was released from the custody of the Bureau of Prisons ("BOP") after serving a sentence for violation of supervised release related to a drug offense. Immediately prior to his release Plaintiff was instructed by BOP officials that, pursuant to 18 U.S.C. § 4042(c), he must register with the State of Florida as a sex offender based on his 1990 conviction for battery. Plaintiff describes this conviction as a misdemeanor offense.[2] Plaintiff protested the requirement but nevertheless agreed in writing to register as directed. In a notice dated August 9, 1999, the BOP notified state and local law enforcement officers and agencies that Plaintiff was required to register as a sex offender.[3] Plaintiff

---

[2] *See* 18 U.S.C. § 4042(c) (requiring BOP to provide notice to certain state law enforcement officers and agencies of the impending release of a prisoner who has been identified as a sex offender and to inform the offender that he is required to register under the Sex Offender Registration and Notification Act ("SORNA")).

SORNA, which is codified at 42 U.S.C. § 16901–16962, prescribes different registration requirements based on a released prisoner's "tier," or level of offense for which registration is required. Section 16915 provides, *inter alia*, that the full registration period is fifteen years for a tier I sex offender; twenty-five years for a tier II offender; and life for a tier III offender. Reductions are available for offenders who maintain a clean record. 42 U.S.C. § 16915(a)(b). In this case, based on Plaintiff's allegations that his battery offense was a misdemeanor, it appears that he may have been classified as a tier I sex offender. *See* 42 U.S.C. § 16911.

[3] A copy of the August 9, 1999, notice is attached to Plaintiff's amended complaint as an exhibit (*see* Doc. 10, attachment). The notice reflects that copies were sent to the Commissioner of the Florida Department of Law Enforcement ("FDLE"); the Chief of the Pensacola Police Department; and the registration official for the Criminal Justice Information Services section of the FDLE informing them that Plaintiff was subject to registration as a sex offender.

did not register immediately upon his release from custody, but he eventually did and is currently registered as a sex offender with the State of Florida. According to Plaintiff, his registration is based solely on the BOP's requirement that he do so; under Florida law he is not required to be registered. Plaintiff asserts two claims in his Amended Complaint: (1) that the BOP exceeded its legal authority under 18 U.S.C. § 4042(c) by notifying State of Florida and local officials that he was required to register as a sex offender based on his 1990 conviction for battery; and (2) that the BOP's actions in causing him to register as a sex offender violated, and continue to violate, his rights to due process under the Fifth Amendment.[4] As relief, Plaintiff seeks a court order requiring the BOP to notify the appropriate Florida officials that he presently is not—and never has been—required to register as a sex offender.[5]

Plaintiff can attempt to establish jurisdiction over his claims under 28 U.S.C. § 1331 in two ways: first, through asserting a constitutional claim pursuant to Bivens against the person who made the notification; and second, through asserting a claim based on the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*., that challenges the BOP's interpretation of 18 U.S.C. § 4042(c).[6] *See* Fox v. Lappin, 441 F. Supp. 2d 203, 207 (D. Mass. 2005); Simmons v. Nash, 361 F. Supp. 2d 452, 455 (D.N.J. 2005). *See also* 5 U.S.C. § 702 (providing that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning

---

[4] In support of his claims Plaintiff cites Simmons v. Nash, 361 F. Supp. 2d 452 (D.N.J. 2005) (holding that BOP exceeded its authority under 18 U.S.C. § 4042(c) in designating federal inmates as sex offenders based on prior state convictions; the statute only permits current federal offenses to provide the basis for the notification requirement), and Fox. v. Lappin, 409 F. Supp. 2d 79 (D. Mass. 2006) (agreeing with Fox that BOP may only rely on federal offenses for notification purposes under § 4042(c) but finding no abuse of discretion with respect to using state offenses for inmate classification purposes).

[5] Plaintiff does not specifically demand declaratory relief in his amended complaint. Nevertheless, based on Plaintiff's reliance on Simmons and Fox (both of which cases discuss the availability of declaratory relief in connection with alleged violations of 18 U.S.C. § 4042(c)); Plaintiff's characterization of his initial complaint as a declaratory action; and the phrasing of the relief requested in the Amended Complaint, the court assumes that, at least in part, the relief sought in the Amended Complaint likewise is declaratory in nature.

[6] Plaintiff does not invoke the court's diversity jurisdiction pursuant to 28 U.S.C.§ 1332 nor can he demonstrate that such jurisdiction lies. Section 1332 requires a plaintiff to claim, among other things, that the amount in controversy exceeds $75,000. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000) (citation omitted). Here, Plaintiff has not alleged that the object of this litigation has any monetary value, and it appears that none exists.

Case No. 3:08cv344/MCR/EMT

of a relevant statute, is entitled to judicial review thereof."). The court construes the first of Plaintiff's two claims as invoking federal question jurisdiction based on the APA and the second claim as relying on Bivens to support jurisdiction.

The court first considers Plaintiff's due process claim under Bivens. Assuming that federal question jurisdiction exists over this claim, the court turns to an examination of the claim's timeliness.[7] Actions brought pursuant to Bivens are governed by the same statute of limitations that is applicable to actions filed under 42 U.S.C. § 1983. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996) (citation omitted); *see also* Dennis v. United States Dept. of Justice, 228 Fed. Appx. 861, 863 (11th Cir. 2007). Because § 1983 does not contain a specific statute of limitations, 42 U.S.C. § 1988 directs courts to select and apply the most appropriate or analogous state statute of limitations. *See* Owens v. Okure, 488 U.S. 235, 236, 249–50 (1989). In states with more than one statute of limitations, such as Florida, the forum state's general or residual personal injury statute of limitations applies to all § 1983 actions filed in federal court in that state. *Id.* at 236. The applicable statute of limitations in Florida is four (4) years. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); § 95.11(3)(p), Fla. Stat. (1995); *see also* City of Hialeah v. Rojas, 311 F.3d 1096, 1102 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years"). The statutory limitations period may be tolled by the adjudicated incapacity, or previously adjudicated incapacity, of plaintiff, but, in either event, "the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action." § 95.051(1)(d) & (h), Fla. Stat.; *see also* Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 483–84 (1980) (federal courts borrow statutes of limitation and tolling provisions from state law in § 1983 actions).[8] The running of the statute of limitations is a sufficient

---

[7] In light of its conclusion that Plaintiff's Bivens claim is time-barred, the court need not consider whether Plaintiff has named the proper defendant in this action, i.e., the current BOP Director or the warden (or his successor) of the institution at which Plaintiff was incarcerated who signed and issued the August 1999 notice.

[8] The court notes that "[t]he doctrine of equitable tolling abates the harsh operation of the statute of limitations under certain circumstances in which barring a plaintiff's potentially meritorious action would be unjust." Justice v. United States, 6 F.3d 1474, 1475 (11th Cir. 1993). It "is an extraordinary remedy which should be extended only sparingly," and before a court may equitably toll a limitations period, the plaintiff must establish that tolling is warranted. *Id.* at 1479.

ground to justify dismissal of a claim as frivolous. Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003); Clark v. Ga. Pardons & Paroles Bd., 915 F.2d 636, 641 n.2 (11th Cir. 1990).

While state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). The general federal rule is that a cause of action "will not accrue, and thereby set the limitations clock running, until the plaintiffs know or should know (1) that they have suffered the injury that forms the basis of their complaint and (2) who has inflicted the injury." Chappell, 340 F.3d at 1283 (citation omitted); Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003) (noting that the statute of limitations accrues "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights"); *see also* Walker v. United States, 196 Fed. Appx. 774, 776 (11th Cir. 2006) (explaining that "a cause of action accrues for purposes of the statute of limitations in § 1983 and Bivens cases when the plaintiff knows or has reason to know of an injury and who has inflicted it"). The continuing violation doctrine constitutes an exception to this rule. "The critical distinction in the continuing violation analysis . . . is whether the plaintiffs complain of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does." Knight v. Columbus, Ga., 19 F.3d 579, 580–91 (11th Cir. 1994) (internal quotation marks omitted). Dismissal under Rule 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred. *See*, *e.g.*, La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004); Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003).

Plaintiff's Bivens claim is based on his allegation that Defendant violated the Fifth Amendment by issuing the August 9, 1999, notice that informed state and local officials that Plaintiff was subject to registration as a sex offender and resulted in Plaintiff's having to register in that capacity after he was released from BOP custody in September 1999. The claim accrued in August 1999 because Plaintiff knew both that he was "injured" and that Defendant had caused his "injury" upon issuance of the August 9, 1999, notice. Thus slightly more than nine years elapsed between the issuance of the notice that allegedly violated Plaintiff's constitutional rights and the filing of the instant action on August 14, 2008. This far exceeds the four-year statute of limitations

that governs Bivens actions in Florida. Moreover, Plaintiff does not allege, and nothing in the complaint implies, that the extraordinary remedy of equitably tolling the limitations period should be applied.[9] *See* Justice, 6 F.3d at 1475, 1479. Additionally, the continuing violation doctrine does not save Plaintiff's Bivens claim, as Plaintiff "complain[s] of the present consequence of a one time violation, which does not extend the limitations period . . . ." Knight, 19 F.3d at 580–91. Accordingly, Plaintiff's Bivens claim is barred by the statute of limitations and should be dismissed as frivolous. *See* Hughes, 350 F.3d at 1163; Clark, 915 F.2d at 641 n.2.

Plaintiff's claim under the APA is also time-barred, in this instance by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a).[10] Title 18 U.S.C. § 4042, which establishes the general duties of the BOP, does not provide a private cause of action for damages against BOP officials in their individual capacities. Harper v. Williford, 96 F.3d 1526, 1527–28 (D.C. Cir. 1996) (citing Chinchello v. Fenton, 805 F.2d 126, 134 (3d Cir. 1986)). The statute contains no reference to a limitations period, either with respect to damages actions or to suits against officials in their official capacities for injunctive and declaratory relief. Where the relevant statute "prescribes no statute of limitations . . . the general six-year statute of limitations for suits against the United States applies." Center for Biological Diversity v. Hamilton, 453 F.3d 1331, 1334 (11th Cir. 2006). The statute of limitations period begins to run once the agency has issued a "final action." 5 U.S.C. § 704; Georgia Power Co. v. Teleport Commc'ns Atlanta, Inc., 346 F.3d 1047, 1050 (11th Cir. 2003) ("Only final agency actions can be subject to judicial review"). To be considered "final," an

---

[9] Indeed, the only impetus for Plaintiff's bringing this action at this time appears to be his discovery of Simmons v. Nash, 361 F. Supp.2d 452 (D.N.J. 2005), and Fox. v. Lappin, 409 F. Supp.2d 79 (D. Mass. 2006), cited above in Note 4. Even if the holdings of both cases supported Plaintiff's position that he is entitled to relief—a proposition the court need not consider given its conclusion that both of the claims are time-barred—because they are decisions from other circuits, in fact lower court decisions, neither Simmons nor Fox has any binding precedential value in courts of the Eleventh Circuit.

[10] Section 2401(a) provides that "[e]xcept as provided by the Contract Disputes Act of 1978, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Claims against an individual defendant in his official capacity, as here, are construed as claims against the United States. *See* Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (explaining that official capacity suits should be treated as suits against the entity of which the officer is an agent); *also* Hawaii v. Gordon, 373 U.S. 57, 58, 83 S. Ct. 1052, 10 L. Ed. 2d 191 (1963) (holding that United States' sovereign immunity extends to agents and officers of the United States when acts complained of were undertaken in their official capacities).

agency's action (1) "must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature;" and (2) "must be one by which rights or obligations have been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177–78, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (internal citations and quotation marks omitted). Here, the court is satisfied that the BOP's August 1999 notice is the final agency action for purposes of § 2401(a). This claim, like the Bivens claim, therefore accrued in August 1999, which was approximately nine years prior to the filing of this action in August 2008; accordingly, this claim was brought at least three years beyond the six-year statutory period under § 2401(a). Furthermore, once again there is no basis apparent from the face of the amended complaint for applying the extraordinary remedy of equitable tolling, *see* Justice, 6 F.3d at 1475, 1479, or the continuing violation doctrine. *See* Knight, 19 F.3d at 580–91.

This court lacks subject matter jurisdiction to hear a challenge to 18 U.S.C. § 4202(c) that is barred by 28 U.S.C. § 2401(a). *See* Center for Biological Diversity, 453 F.3d at 1334 (noting that § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity which must be strictly construed). Dismissal is therefore appropriate pursuant to Fed. R. Civ. P. 12(h)(3) (stating that the court must dismiss an action if it determines that subject matter jurisdiction is lacking).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's constitutional claim brought pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), be **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That Plaintiff's claim construed as based on the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

agency's action (1) "must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature;" and (2) "must be one by which rights or obligations have been determined, or from which legal consequences will flow." Bennett v. Spear, 520 U.S. 154, 177–78, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997) (internal citations and quotation marks omitted). Here, the court is satisfied that the BOP's August 1999 notice is the final agency action for purposes of § 2401(a). This claim, like the Bivens claim, therefore accrued in August 1999, which was approximately nine years prior to the filing of this action in August 2008; accordingly, this claim was brought at least three years beyond the six-year statutory period under § 2401(a). Furthermore, once again there is no basis apparent from the face of the amended complaint for applying the extraordinary remedy of equitable tolling, *see* Justice, 6 F.3d at 1475, 1479, or the continuing violation doctrine. *See* Knight, 19 F.3d at 580–91.

This court lacks subject matter jurisdiction to hear a challenge to 18 U.S.C. § 4202(c) that is barred by 28 U.S.C. § 2401(a). *See* Center for Biological Diversity, 453 F.3d at 1334 (noting that § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity which must be strictly construed). Dismissal is therefore appropriate pursuant to Fed. R. Civ. P. 12(h)(3) (stating that the court must dismiss an action if it determines that subject matter jurisdiction is lacking).

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's constitutional claim brought pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), be **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

2. That Plaintiff's claim construed as based on the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, be **DISMISSED** for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

At Pensacola, Florida, this 9th day of September 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**